IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DALE ALEXANDER,**

    **Plaintiff,**

v.                                  **Civil Action Number:**   2:25-cv-332

**CORRECTIONAL OFFICER JOHN WILSON**

    **Defendant.**

## COMPLAINT

Comes now the Plaintiff, Dale Alexander, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Complaint against the above-named Defendant, states as follows:

1. Plaintiff, Dale Alexander (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Mount Olive Correctional Center (hereinafter "MOCC") in West Virginia. Plaintiff affirmatively states that he has exhausted his administrative remedies.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDOCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDOCR's principle or central office is located in Charleston, Kanawha County, West Virginia.

3. Defendant, Correctional Officer John Wilson, was employed by the Defendant West Virginia Division of Corrections and Rehabilitation as a correctional officer at MOCC. Plaintiff alleges that Defendant Wilson used excessive force against plaintiff by spraying Plaintiff with O.C. spray while Plaintiff was not a threat to himself or others. Defendant Wilson was acting under the color of state law at all times relevant herein.

4. The willful and intentional acts of Defendant Wilson resulted in plaintiff being injured. Plaintiff further asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when and if applicable to the claims made herein. Plaintiff is not asserting a 42 U.S.C. § 1983 claim against the WVDCR, nor is he asserting a claim for punitive damages against the state agency. Defendant Wilson is being sued in his individual capacity.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. At all times relevant herein, Plaintiff was an inmate at MOCC.

8. On or about June 15, 2023, Plaintiff was in his cell at MOCC. Plaintiff was attempting to get another correctional officer's attention about a write up when Defendant Wilson came over to speak with him. Plaintiff and Defendant Wilson got into an argument over the write up and Defendant Wilson started to walk away. At this point, Plaintiff hit the wall of his cell. Defendant Wilson responded by returning to Plaintiff's cell, opening his food tray slot and spraying Plaintiff multiple times without any warning or further communication. After Plaintiff was removed from his cell, Defendant Wilson ran Plaintiff into a door frame as a way to further punish/inflict pain on Plaintiff. As a result of Plaintiff being sprayed with O.C. spray, Plaintiff suffered serious physical injury including but limited to severe burning of his skin and face and trouble breathing.

9. Defendant's conduct, carried out under the color of state law, violated WVDOCR's policy and procedure which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOCR. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States

Constitution. At no time was plaintiff a threat to the defendant and at no time did plaintiff threaten the defendant.

### COUNT I - VIOLATION OF 42 USC §1983/EXCESSIVE FORCE/CRUEL AND UNUSUAL PUNISHMENT

10. Plaintiff realleges and incorporates paragraphs 1 through 9 above as if fully set forth herein.

11. Defendant Wilson unnecessarily and without warning sprayed Plaintiff with O.C. spray when Plaintiff was not a danger to himself or anyone else. This conduct was unwarranted, unnecessary and unjustified. Defendant Wilson's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendant's use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

12. The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendant Wilson's use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendant receive training that identifies such conduct as a constitutional violation of an inmate's rights. The failure to make any effort to temper is further evidence of Defendant Wilson's malicious conduct.

13. The conduct of Defendant Wilson was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from excessive force under

the Eighth Amendment. Further, Defendant Wilson's acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendant Wilson would have known that his conduct was a violation of Plaintiff's Eighth Amendment rights as a result of his training.

14. As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to, severe burning from the OC spray and trouble breathing. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendants as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DALE ALEXANDER,
By Counsel,

/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329